**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| UNILOC 2017 LLC | |
|     Plaintiff, | |
|     v. | Case No. 3:18-cv-03069-N |
| BLACKBERRY CORPORATION, | |
|     Defendants. | |

**BLACKBERRY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**
**IN ITS ENTIRETY AND BRIEF IN SUPPORT**

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................. 1

II.   LEGAL STANDARDS ........................................................................................ 2

    A.   To State an Actionable Claim for Direct Patent Infringement, a Complaint Must Plausibly Allege Facts Showing How Defendants Practice the Asserted Claims ................................................................................................ 3

    B.   In Addition to Satisfying the Requirements for Pleading Direct Infringement, Induced Infringement Requires Plausible Factual Allegations Showing Intent to Induce Infringement .................................................................... 4

III.   ARGUMENT ....................................................................................................... 4

    A.   Uniloc's Complaint Does Not Provide Plausible Factual Allegations of Direct Patent Infringement ........................................................................................ 4

    B.   Uniloc's Failure to Adequately Plead Direct Infringement is Fatal to any Allegations of Indirect Infringement .................................................................... 6

    C.   Uniloc Fails to Allege Sufficient Facts Showing That BlackBerry Had Requisite Knowledge for Indirect Infringement ................................................... 7

IV.   CONCLUSION .................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

CASES

Addiction & Detoxification Inst. LLC v. Carpenter,
620 F. App'x 934 (Fed. Cir. 2015) ......................................................................8

Ashcroft v. Iqbal,
556 U.S. 662 (2009)..................................................................................1, 2, 6

Atlas IP, LLC v. Exelon Corp.,
189 F. Supp. 3d 768 (N.D. Ill. May 17, 2016)....................................................3, 5

Bank of Abbeville & Tr. Co. v. Commonwealth Land Title Ins. Co.,
201 Fed.Appx. 988 (5th Cir. 2006)...........................................................................2

Bell Atlantic Corp. v. Twombly,
550 U.S. 544 (2007)..................................................................................1, 2, 6

Body by Cook, Inc. v. State Farm Mut. Auto. Ins.,
869 F.3d 381 (5th Cir. 2017) ...................................................................................2

Commil USA, LLC v. Cisco Sys., Inc.,
135 S. Ct. 1920 (2015)..............................................................................................7

Core Wireless Licensing S.A.R.L. v. Apple Inc.,
2015 WL 5000397 (E.D. Tex. June 3, 2015)............................................................4

Corydoras Techs., LLC v. Apple Inc.,
2:16-cv-00538-JRG, 2:16-cv-687-JRG, 2016 WL 9242435 (E.D. Tex. Nov.
23, 2016) ...................................................................................................................7

DSU Med. Corp. v. JMS Co.,
471 F.3d 1293 (Fed. Cir. 2006) (en banc)................................................................4

e.Digital Corp. v. iBaby Labs, Inc.,
No. 15-cv-05790-JST, 2016 WL 4427209 (N.D. Cal. Aug. 22, 2016)....................2

Global-Tech Appliances, Inc. v. SEB S.A.,
563 U.S. 754 (2011)...............................................................................................3, 7

Gonzalez v. Kay,
577 F.3d 600 (5th Cir. 2009) ...................................................................................2

Ingeniador, LLC v. Interwoven,
874 F. Supp. 2d 56 (D.P.R. 2012).............................................................................6

*Iqbal. Dynacore Holdings Corp. v. U.S. Philips Corp.*,
   363 F.3d 1263 (Fed. Cir. 2004)............................................................................6

*MONEC Holding AG v. Motorola Mobility, Inc.*,
   897 F. Supp. 2d 225 (D. Del. 2012)....................................................................7

*Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*,
   No. 6:11-CV-495-LED-JDL, 2013 WL 12138894 (E.D. Tex. Nov. 21, 2013)......6

*North Star Innovations, Inc. v. Etron Tech. Am. Inc.*,
   No. CV 8:16–00599, 2016 WL 9046909 (C.D. Cal. Sept. 21, 2016).....................3

*Novitaz, Inc. v. inMarket Media, LLC*,
   Case No. 16-cv-06795-EJD, 2017 WL 2311407 (N.D. Cal. May 26, 2017)...........5

*Nu-You Techs., LLC v. Beauty Town Int'l Inc.*,
   Civil Action No. 3:15-CV-03433-N, 2016 WL 4717991 (N.D. Tex. July 7,
   2016).....................................................................................................................3, 5

*Pollock v. Energy Corp. of Am.*,
   No. 10-1553, 2014 WL 562726 (W.D. Pa. Feb. 11, 2014)....................................8

*Realtime Data LLC v. Echostar Corp.*,
   6:17-cv-84-RWS-JDL, 2017 WL 4693512 (E.D. Tex. July 19, 2017)...................7

*Ruby Sands, LLC v. Am. Nat'l Bank of Texas*,
   Case No. 2:15-cv-1955, 2016 WL 3542430 (E.D. Tex. June 28, 2016).................8

*Scripps Res. Institute v. Illumina, Inc.*,
   Case No. 16-cv-661 JLS (BGS), 2016 WL 6834024 (S.D. Cal. Nov. 21, 2016) ...3, 5

*Stragent, LLC v. BMW of N. Am., LLC*,
   Nos. 6:16-cv-446, -447, -448, 2017 WL 2821697 (E.D. Tex. Mar. 3, 2017).......2, 3

*Symantec Corp. v. Veeam Software Corp.*,
   No. C-12-00700-SI, 2012 WL 1965832 (N.D. Cal. May 31, 2012)......................7

*Vita-Mix Corp. v. Basic-Holding, Inc.*,
   581 F.3d 1317 (Fed. Cir. 2009)............................................................................3

*Warner–Lambert Co. v. Apotex Corp.*,
   316 F.3d 1348 (Fed. Cir. 2003)............................................................................4

*Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*,
   No. 15-1720, 2017 WL 568781 (E.D. La. Feb. 13, 2017)....................................3, 5

STATUTES

35 U.S.C. § 271(a) ...........................................................................................................4

iii

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8........................................................................................................1, 2

Fed. R. Civ. P. 8(a)(2)..................................................................................................1

Fed. R. Civ. P. 12(b)(6)............................................................................................1, 8

Fed. R. Civ. P. 26(b)(1)................................................................................................8

## I.      INTRODUCTION

Plaintiff Uniloc 2017 LLC ("Uniloc"), together with Uniloc USA Inc. and Uniloc Licensing USA LLC, filed a complaint in this District on July 23, 2018 followed by an Amended Complaint on August 8, 2018 for infringement of Claims 1, 3-6, and 12 of U.S. Patent No. 7,167, 487 (the '487 patent).  *See* 3:18-cv-01886.  BlackBerry subsequently filed a motion to dismiss Uniloc's deficient original action on the same grounds as in this Motion.  *See* Motion at 11, 3:18-cv-01886.  That motion was fully briefed.  Response at 17, 3:18-cv-01886; Reply at 20, 3:18-cv-01886.  Before that motion to dismiss could be ruled on by this Court, Uniloc dismissed its original action on November 17, 2018 according to Fed. R. Civ. P. 41(a)(1)(A)(i) and, despite being fully aware of the deficiencies in its original action identified by BlackBerry's briefings, filed a nearly identical Complaint on that same day.  Dkt. 1.  This newly filed Complaint—like the other similarly deficient complaints filed by Uniloc against BlackBerry—again fails to adequately set forth a claim upon which relief can be granted and should therefore be properly dismissed under the Federal Rules of Procedure 12(b)(6).

First, Uniloc's claims of direct infringement fail to describe the patented technology beyond mere conclusory assertions of eligibility and patentability and also fail to explain how the numerous accused devices directly infringe.  For this reason, the claims of direct infringement should be dismissed.

Second, Uniloc's failure to demonstrate direct infringement, a prerequisite to its claims of indirect infringement, is fatal to any allegations of indirect infringement asserted by Uniloc.  Furthermore, Uniloc's claims of indirect infringement fail to plausibly allege *pre-suit knowledge* of the '487 patent or of any third-party's purported infringement.  For this reason, any claims of pre-suit indirect infringement should be dismissed.

Because Uniloc's Complaint fails to satisfy the *Twombly/Iqbal* pleading standards, BlackBerry respectfully requests the Court dismiss the Complaint.

## II.   LEGAL STANDARDS

While dismissal under Rule 12(b)(6) is disfavored in the Fifth Circuit, this does not excuse Uniloc of its burden to meet the pleading standards demanded by Rule 8 of the Federal Rules of Civil Procedure.  Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  But this short and plain statement requires "more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("pleading standard Rule 8 announces . . . demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation").   Rather, it requires factual allegations that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. A complaint that "pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of "entitlement to relief."'" *Id.*; *Gonzalez*, 577 F.3d at 603.[1]  Furthermore, dismissal is appropriate even where the complaint meets Rule 8's technical requirements but, as in the instant case, is not "entitled to relief under any set of facts or

---

[1] These requirements apply with full force to patent cases.  In December 2015, Rule 84 and Form 18 governing pleading direct infringement were abrogated.  "[T]he *Twombly* pleading standard now applies to direct patent infringement claims" and "complaints which merely comply with Form 18 are no longer immunized from attack." *e.Digital Corp. v. iBaby Labs, Inc.*, No. 15-cv-05790-JST, 2016 WL 4427209, at *2 (N.D. Cal. Aug. 22, 2016); *see Stragent, LLC v. BMW of N. Am., LLC*, Nos. 6:16-cv-446, -447, -448, 2017 WL 2821697, at *2 (E.D. Tex. Mar. 3, 2017).

2

any possible theory that it could prove consistent with the complaint's allegations." *Body by Cook, Inc. v. State Farm Mut. Auto. Ins.*, 869 F.3d 381, 385-86 (5th Cir. 2017) (quoting *Bank of Abbeville & Tr. Co. v. Commonwealth Land Title Ins. Co.*, 201 Fed.Appx. 988, 990 (5th Cir. 2006)).

A.   **To State an Actionable Claim for Direct Patent Infringement, a Complaint Must Plausibly Allege Facts Showing How Defendants Practice the Asserted Claims**

Merely "putting defendants on notice that their product allegedly infringes at least one of the claims within [the] patents, without more, does not satisfy the plausibility standard;" rather, to meet the requirements of "*Twombly* and *Iqbal* a plaintiff must plead facts alleging that the accused product infringes each element or limitation of at least one patented claim." *Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*, No. 15-1720, 2017 WL 568781, at *3-4 (E.D. La. Feb. 13, 2017); *Nu-You Techs., LLC v. Beauty Town Int'l Inc.*, Civil Action No. 3:15-CV-03433-N, 2016 WL 4717991, at *2 (N.D. Tex. July 7, 2016) (dismissing claims because the complaint failed to plausibly allege the defendant practiced all limitations of any asserted claim). To plead direct patent infringement, "a plaintiff must allege sufficient facts to plausibly show that a defendant's accused instrumentality contains each limitation of the asserted patent claim." *Scripps Res. Institute v. Illumina, Inc.*, Case No. 16-cv-661 JLS (BGS), 2016 WL 6834024, at *5 (S.D. Cal. Nov. 21, 2016). This requires "factual allegation[s] concerning the structure and operation of the . . . instrumentalities accused of infringing." *North Star Innovations, Inc. v. Etron Tech. Am. Inc.*, No. CV 8:16–00599, 2016 WL 9046909, at *4 (C.D. Cal. Sept. 21, 2016) (granting dismissal where Plaintiff otherwise failed to identify a single accused instrumentality that allegedly infringed a single claim). "Because the failure to practice even a single element is all that separates innovation from infringement, . . . there is always an obvious alternative explanation where a plaintiff does not allege facts about each element." *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. May 17, 2016) (citation omitted).

3

### B. In Addition to Satisfying the Requirements for Pleading Direct Infringement, Induced Infringement Requires Plausible Factual Allegations Showing Intent to Induce Infringement

A claim for induced infringement "requires knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766 (2011). This, in turn, requires that the defendant *specifically intended* for its customers to infringe the asserted patents. *Vita-Mix Corp. v. Basic-Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009). It "is not enough that an accused inducer merely intends to cause others to perform certain acts which are ultimately found to infringe." *Stragent, LLC v. BMW of N. Am., LLC*, Civil Action Nos. 6:16-cv-446, -447, -448-RWS-KNM, 2017 WL 2821697, at *3 (E.D. Tex. Mar. 3, 2017); *see also DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (en banc) (inducement requires "specific intent and action to induce infringement") (quoting *Warner–Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1364 (Fed. Cir. 2003)).

Because of the intent requirement, "failing to allege any facts identifying, even at a basic level, which functionalities of the accused products are at issue falls short of satisfying Rule 8's notice requirement." *Core Wireless Licensing S.A.R.L. v. Apple Inc.*, 2015 WL 5000397, at *4 (E.D. Tex. June 3, 2015).

## III.   ARGUMENT

### A. Uniloc's Complaint Does Not Provide Plausible Factual Allegations of Direct Patent Infringement

Uniloc's Complaint does not satisfy the pleading standards set out in *Twombly/Iqbal*. It does not describe the patented technology beyond conclusory assertions of purported patent eligibility and patentability. See *Dkt*. 1 ¶ 6-8. Nor does Uniloc describe the accused devices in any meaningful detail. Uniloc simply lists, in no discernable order, the names of thirty-six alleged "Accused Infringing Devices." Yet, Uniloc has not plausibly alleged any facts to support their

4

assertion that Blackberry Corporation is the entity that makes, uses, offers to sell, sells in the United States, or imports in to the United States, each and every allegedly infringing device set forth in the complaint. *See* 35 U.S.C. § 271(a). In addition, Uniloc has not alleged any facts to support a reasonable inference that each and every allegedly infringing device was actually made, used, offered for sale, sold in the United States, or imported into the United States.

Additionally, the Complaint makes no assertion as to how any of the listed devices could actually meet any of the claim limitations beyond simply stating that the accused devices "operate in compliance with HSPA/HSPA+ standardized in UMTS 3GPP Release 6 and above," which is insufficient to make out a claim for relief. *See* Dkt. 1 ¶ 9. Indeed, Uniloc at best provides one paragraph speaking in generalities about devices implementing networks sending and receiving packet units. *See Id.* ¶ 10. Nowhere in the Complaint has Uniloc offered even an assertion as to how the alleged compliance with the HSPA/HSPA+ standardized in UMTS 3GPP Release 6 and above standards would infringe the claims of the '487 patent, let alone how the alleged adherence to this standard by the accused devices would meet *each and every* limitation of any of the claims. Nowhere in the complaint has Uniloc plead facts showing that BlackBerry makes, uses, offers to sell, sells in the United States, or imports in the United States *base stations* as alleged as infringing the '079 patent. Again, this is woefully insufficient. *Novitaz, Inc. v. inMarket Media, LLC*, Case No. 16-cv-06795-EJD, 2017 WL 2311407, at *4 (N.D. Cal. May 26, 2017) (The "Amended Complaint identifies two products . . . as well as the general class of 'other applications . . . ,' as accused. [The] Amended Complaint makes no factual allegations about how the [applications] operate, let alone map this information onto any elements of any of the claims of the [asserted] patent. . . . As such, [Plaintiff] fails to state a claim for direct patent infringement . . . ." (citation omitted)).

Furthermore, the Complaint lacks any explanation as to how the numerous accused devices contain *each and every limitation* of at least one asserted claim.  Uniloc does not even attempt to map claim limitations onto features of the accused devices.  This is fatal to Uniloc. *See Scripps*, 2016 WL 6834024, at *5 (dismissing complaint for failing to allege the accused instrumentalities practice each limitation); *Wright's Well*, 2017 WL 568781, at *5; *Nu-You*, 2016 WL 4717991, at *2; *Atlas IP*, 189 F. Supp. 3d at 775 ("Because the failure to practice even a single element is all that separates innovation from infringement ... there is always an obvious alternative explanation where a plaintiff does not allege facts about each element.") (citations omitted).  As Uniloc provides no more than *threadbare recitals of the elements of the cause of action, supported by mere conclusory statements* as rejected by *Iqbal*, it fails to meet the requisite pleading standards.

### B.   Uniloc's Failure to Adequately Plead Direct Infringement is Fatal to any Allegations of Indirect Infringement

Uniloc contends BlackBerry "*has infringed*, and continues to infringe . . . claims 1, 3-6, and 12," of the '487 Patent "by making, using, offering for sale, selling, and importing" Dkt. 1 ¶ 11, and that BlackBerry has infringed by "actively *inducing* others to use, offer for sale, and sell the Accused Infringing Devices."  *Id.* ¶ 14.  However, a prerequisite of indirect infringement is direct infringement, and—as discussed in the preceding section—Uniloc has failed to satisfactorily plead direct infringement under the standards as established by *Twombly* and *Iqbal*.  *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004) ("Indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement.").  This failure to set forth an adequate claim for direct infringement disposes of the indirect infringement analysis.  *See, e.g.*, *Ingeniador, LLC v. Interwoven*, 874 F. Supp. 2d 56, 69 (D.P.R. 2012) (dismissing an indirect infringement claim because plaintiff failed to adequately plead direct infringement).

6

**C.      Uniloc Fails to Allege Sufficient Facts Showing That BlackBerry Had Requisite Knowledge for Indirect Infringement**

Notwithstanding the fact that Uniloc's indirect infringement allegations should be dismissed for failing to adequately plead direct infringement, Uniloc also contends that BlackBerry will "have been on notice of the '487 Patent since, *at the latest*, the service upon it of this complaint upon it in 3:18-cv-01886." Dkt. 1 ¶ 16 (emphasis added).   But *nowhere does Uniloc allege facts* showing BlackBerry knew of the '487 patent *prior to* the filing of the Original Complaint.  *Id.* ¶¶ 11-16.  Although employing open-ended language such as "at the latest" to suggest suspected pre-filing knowledge, Uniloc has not alleged any facts to support this inference.  *Norman IP Holdings, LLC v. Lexmark Int'l, Inc.*, No. 6:11-CV-495-LED-JDL, 2013 WL 12138894, at *3 (E.D. Tex. Nov. 21, 2013) (*citing Symantec Corp. v. Veeam Software Corp.*, No. C-12-00700-SI, 2012 WL 1965832 (N.D. Cal. May 31, 2012)) (construing open-ended allegations of pre-filing notice based on the language "at least as of [the filing date]" as sufficient only to support post-filing knowledge as adequately alleged).  For at least this reason, Uniloc's claims of indirect infringement are limited to the date of filing the Original Complaint.  *Realtime Data LLC v. Echostar Corp.*, 6:17-cv-84-RWS-JDL, 2017 WL 4693512, at *6 (E.D. Tex. July 19, 2017) (Plaintiff cannot avoid dismissal of pre-suit indirect infringement allegations by alleging only post-suit knowledge of asserted patents in an attempt to twist the issue); *Global-Tech*, 563 U.S. at 763-65 (patentee cannot recover for induced infringement under §271(b) for time before accused infringer knew of the asserted patent); *Corydoras Techs., LLC v. Apple Inc.*, 2:16-cv-00538-JRG, 2:16-cv-687-JRG, 2016 WL 9242435, at *2-3 (E.D. Tex. Nov. 23, 2016) ("Since there is no allegation pre-suit knowledge of the patents-in-suit, Corydoras's indirect infringement claims must be limited to post-filing conduct."); *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 234-35 (D. Del. 2012).

Further, *nowhere* does Uniloc submit factual allegations showing BlackBerry *knew* third parties infringed the '487 patent by using BlackBerry's products prior to filing of the Original Complaint.   To the extent Uniloc alleges BlackBerry was made aware as of the filing of the Original Complaint, that is unpersuasive, and is not sufficient to establish Blackberry had knowledge of purported third-party infringement prior to the date of the filing of the Complaint. *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926-28 (2015) (knowledge that the induced acts constitute infringement requires showing that the accused not only "had knowledge of the patent" but also "knew the acts were infringing.").   Furthermore, the Complaint lacks facts permitting an inference that BlackBerry intended to induce or contribute to infringement prior to the filing of the Complaint, and no earlier than the filing of the Original Complaint in 3:18-cv-01886.  *E.g.*, *Addiction & Detoxification Inst. LLC v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).  Uniloc's indirect infringement claims relying on alleged pre-suit conduct are unsupported and should be dismissed.

## IV.    CONCLUSION

For the foregoing reasons, BlackBerry respectfully submits that Uniloc's Complaint in the above-captioned case fails to satisfy the *Twombly/Iqbal* pleading standards.  It therefore fails to state a claim upon which relief can be granted and should be dismissed under Federal Rules of Civil Procedure 12(b)(6).  Uniloc's series of deficient, copy-and-paste complaints should not be allowed to open the door to onerous and expensive litigation.[2]  *Ruby Sands, LLC v. Am. Nat'l Bank of Texas*, Case No. 2:15-cv-1955, 2016 WL 3542430, at *5 (E.D. Tex. June 28, 2016) (dismissing with prejudice a copy-and-paste complaint (like Uniloc's), calling it "the kind of cut-and-paste

---

[2] BlackBerry is concurrently filing parallel motions seeking dismissal of Uniloc's similarly deficient complaints in case numbers: 3:18-cv-03065, 3:18-cv-03066 and 3:18-cv-03068.

pleading practices that Rule 12(b)(6) was meant to address").  The plausibility standard is not a mere formality, but rather serves a vital role: "[t]he complaint and the claims therein define the scope of discovery." *Pollock v. Energy Corp. of Am.*, No. 10-1553, 2014 WL 562726, at *1 (W.D. Pa. Feb. 11, 2014); Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim . . . .").

Dated:  December 26, 2018

Respectfully submitted,

By: */s/ Kurt M. Pankratz*
Kurt M. Pankratz, Lead Attorney
Texas Bar No. 24013291
kurt.pankratz@bakerbotts.com
Johnson K. Kuncheria
Texas Bar No. 24070092

**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 900
Dallas, Texas 75201
Telephone:  (214) 953-6500
Facsimile:  (214) 953-6503

**ATTORNEYS FOR DEFENDANTS
BLACKBERRY CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 26th day of December, 2018, with a copy of this document via the Court's CM/ECF system.

*/s/  Kurt M. Pankratz*
Kurt M. Pankratz